FILED
MAY 25 2006


# United States District Court

------- DISTRICT OF SOUTH DAKOTA -------

SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

GEORGIANNA TOP BEAR,

        Defendant.

**ORDER OF DETENTION**

CASE NUMBER: CR. 02-40083

    This matter came before the court for an initial appearance, preliminary examination and detention hearing on the Petition to Revoke Supervised Release in the above matter on Thursday, May 25, 2006. The defendant, Georgianna Top Bear, appeared in person and by her counsel, Assistant Federal Public Defender Bill Delaney. The United States appeared by Assistant United States Attorney, Dennis Holmes.

    In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

[ X ]   (1)   There is a serious risk that the defendant will not appear.

[ X ]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II - Written Statement of Reasons for Detention

    I find that the credible testimony and information submitted at the hearing establishes that:

    Defendant is charged in a Petition to Revoke Supervised Release. A preliminary examination was held and probable cause exists to bind Defendant over for further proceedings. A revocation hearing is scheduled for Friday, June 2, 2006 at 9:30 a.m.

    Under F.R.Crim. P. 32.1 and 46(d), the Defendant has the burden of proving that she will not flee nor pose a danger to any other person or to the community. The Defendant has not carried that burden. Based upon the allegations contained in the Petition and on the entire record herein, I find there is no condition or combination of conditions of release that will reasonably assure the safety of the community or the Defendant's presence at further proceedings in this matter.

In reaching these decisions, I have considered:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record; and

(4) the nature and seriousness of the danger posed to other persons in the community if defendant were to be released.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 25, 2006

John E. Simko, United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _____, Deputy

(SEAL)